WENDOVER FINANCIAL SERVICES CORPORATION
*v.* JAMES F. CONNELLY ET AL.
(AC 20244)

Landau, Zarella and O'Connell, Js.

Argued October 17—officially released December 26, 2000

*William T. Barrante*, for the appellant (named defendant).

*David F. Borrino*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this mortgage foreclosure action, the defendant James F. Connelly appeals from the trial court's denial of his motion to set aside the judgment of foreclosure by sale.[1] We affirm the decision of the trial court.

The record discloses that the plaintiff, Wendover Financial Services Corporation, commenced a foreclosure action against the defendant on May 13, 1999, with respect to real property in Oakville.[2] On July 1, 1999, the plaintiff filed a motion to default the defendant for failure to disclose a defense, which the court granted on July 19, 1999.[3] On the same date, the plaintiff filed a motion for a judgment of strict foreclosure. On September 7, 1999, the court ordered foreclosure by sale, and set November 6, 1999, as the sale date.

[1] Also named as defendants are the mortgagor, Marion Logue Connelly, who died fifteen months after giving the mortgage at issue to the predecessor in interest of the plaintiff, Wendover Financial Services Corporation; the state of Connecticut, department of revenue services; the state of Connecticut, department of social services; Middlebury Convalescent Home, Inc.; and the United States of America, secretary of the Department of Housing and Urban Development. Because James F. Connelly is the only defendant appealing from the court's decision, we refer to him in this opinion as the defendant.

[2] The defendant is the executor and sole beneficiary of the estate of Marion Logue Connelly. On April 17, 1997, the defendant's decedent entered into a reverse mortgage agreement with Freedom Choice Mortgage LLC (Freedom), predecessor in interest to the plaintiff, whereby the decedent agreed to mortgage her property in exchange for a loan not to exceed $165,000. On that same date, Freedom assigned the note and mortgage to the plaintiff.

The plaintiff initially brought an action against Connelly individually and in his capacity as the executor of the estate of Marion Logue Connelly. On or about August 3, 1999, however, the plaintiff withdrew its complaint against Connelly in his capacity as the executor. Thereafter, he remained in the case solely in his individual capacity.

[3] The court also entered defaults against Middlebury Convalescent Home, Inc.; the United States of America, secretary of the Department of Housing and Urban Development; and the state of Connecticut, department of social services, for failure to disclose a defense.

On October 22, 1999, the defendant filed a motion to set aside the judgment on the ground that he had several defenses to the action.[4] The plaintiff filed an objection to the defendant's motion on October 29, 1999. In the objection, the plaintiff argued, inter alia, that (1) notice of default or acceleration was not required, (2) the defendant as executor had no interest in the property, (3) the refusal to offer credit life insurance to the defendant's decedent did not render an otherwise valid mortgage invalid and (4) a violation of 15 U.S.C. § 1639 (h) of the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., cannot serve as the basis for a special defense to a mortgage foreclosure action.

On November 3, 1999, the court denied the defendant's motion to set aside the judgment "for the reasons set forth in [the] plaintiff's objection thereto." The defendant appealed to this court from that decision. On January 5, 2000, the defendant filed a motion for articulation with this court, which the trial court denied on January 13, 2000. On appeal, the defendant argues that the trial court improperly denied his motion to set aside the judgment of foreclosure by sale because (1) the plaintiff failed to issue a notice of acceleration pursuant to federal regulations, 12 C.F.R. § 590 et seq., (2) equity required a demand for acceleration of payment before the plaintiff could foreclose the mortgage and (3) the defendant has a cognizable defense of misrepresentation against the plaintiff's predecessor in interest for its statement that the defendant's decedent could not obtain mortgage life insurance.

---

[4] The defendant claimed that the judgment should be set aside for the following reasons: (1) the plaintiff failed to issue a demand notice before filing the foreclosure action; (2) the judgment was null and void because the defendant, as the executor of Marion Logue Connelly's estate, was a necessary party to the action and because the estate had an interest in the property for settlement of claims against the estate; and (3) the attorney for the plaintiff's predecessor in interest refused to permit the defendant's decedent to obtain mortgage life insurance.

We have noted in the past that the wholesale adoption by the Superior Court of a party's reasoning in its legal memoranda as the basis for the court's own decision is not a sound practice because it does not afford an appellate court a clear understanding of the reasons underlying the trial court's decision. See *American Premier Underwriters, Inc.* v. *National Railroad Passenger Corp.*, 47 Conn. App. 384, 387 n.8, 704 A.2d 243 (1997), cert. denied, 244 Conn. 901, 710 A.2d 174 (1998); *Doe* v. *Bridgeport Hospital*, 40 Conn. App. 429, 432–33, 671 A.2d 405 (1996). In the present case, the court adopted the plaintiff's objection to the defendant's motion to set aside the judgment as the basis for its denial of the defendant's motion. The plaintiff offered, however, at least six different grounds on which the court could have denied the defendant's motion.

Although the defendant filed a motion for articulation, which the court denied, the defendant did not seek a review of the court's denial pursuant to Practice Book § 66-7.[5] Consequently, the record does not adequately reveal the grounds for the court's denial of the defendant's motion to set aside the judgment. "Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the defendant's claims] would be entirely speculative." (Internal quotation marks omitted.) *State* v. *Torres*, 60 Conn. App. 562, 571, 761 A.2d 766 (2000). Accordingly, we find that the inadequate record prevents us from reviewing the defendant's claims.

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date.

---

[5] Practice Book § 66-7 provides in relevant part: "Any party aggrieved by the action of the trial judge as regards . . . articulation under Section 66-5 may, within ten days of the issuance of notice of the order sought to be reviewed, make a written motion for review to the court, to be filed with the appellate clerk, and the court may upon such a motion, direct any action it deems proper. . . ."