ROBERT J. GILLON, JR., ET AL. *v.* SUSAN
BYSIEWICZ ET AL.
(AC 27879)

McLachlan, Gruendel and Berdon, Js.

Argued October 15, 2007—officially released February 5, 2008

*Daniel W. Moger, Jr.*, for the appellants (plaintiffs).

*Robert W. Clark*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellee (named defendant).

*William T. Blake, Jr.*, with whom, on the brief, was *Stephen P. Wright*, for the appellee (defendant R.S. Silver Enterprises, Inc.).

*Opinion*

BERDON, J. The plaintiffs, Robert J. Gillon, Jr., Nicholas DeLuca and Signature Group, LLC, appeal from the judgment of the trial court dismissing their application for a writ of mandamus against one of the defendants, Susan Bysiewicz, the secretary of the state

(secretary), for lack of subject matter jurisdiction. Specifically, the plaintiffs argue that the court improperly concluded that they lacked standing to challenge the secretary's corporate reinstatement of R.S. Silver & Company, Inc.[1] We conclude that the court properly dismissed the plaintiffs' complaint because the plaintiffs lacked standing and, accordingly, affirm the judgment of the trial court.

The following facts, as alleged in the complaint, and procedural history are relevant to our resolution of the plaintiffs' appeal. On October 25, 1991, a corporation known as R.S. Silver & Company, Inc., was administratively dissolved for failure to file reports required by law.[2] Thereafter, on September 20, 2001, the secretary accepted articles of organization for R.S. Silver & Company, LLC,[3] a limited liability company that had acquired "all rights in the name of 'R.S. Silver & Co.' and any variation of the name . . . ." On February 9, 2006, pursuant to General Statutes § 33-892,[4] the secretary issued a certificate of reinstatement and name change for R.S.

[1] The corporation formerly known as R.S. Silver & Company, Inc., R.S. Silver Enterprises, Inc., also was named as a defendant in this action.

[2] "The affairs of Connecticut corporations are governed by the Connecticut Business Corporation Act (CBCA), codified in General Statutes §§ 33-600 to 33-998." *Giulietti* v. *Giulietti*, 65 Conn. App. 813, 871, 784 A.2d 905, cert. denied, 258 Conn. 946, 947, 788 A.2d 95, 96, 97 (2001).

[3] After filing articles of organization, R.S. Silver & Company, LLC, changed its name to Signature Group, LLC.

[4] General Statutes § 33-892 provides in relevant part: "(a) A corporation administratively dissolved may apply to the Secretary of the State for reinstatement after the effective date of dissolution. . . .

"(b) If the Secretary of the State determines that the application contains the information required by subsection (a) of this section and that the information is correct, he shall prepare a certificate of reinstatement that recites his determination and the effective date of reinstatement and file the original of the certificate.

"(c) When the reinstatement is effective, it relates back to and takes effect as of the effective date of the administrative dissolution and the corporation resumes carrying on its business as if the administrative dissolution had never occurred."

Silver & Company, Inc., which reinstated the administratively dissolved corporation and changed the name of the company to R.S. Silver Enterprises, Inc. The plaintiffs thereafter filed an action in the Superior Court seeking a writ of mandamus to compel the secretary to revoke the reinstatement of R.S. Silver Enterprises, Inc., and to correct the state's corporation records. In their complaint, the plaintiffs alleged that the secretary lacked statutory authority to reinstate R.S. Silver & Company, Inc., under General Statutes § 33-995 because that authority applies only to corporations that were in existence on January 1, 1997, and that R.S. Silver & Company, Inc., was not in existence on that date.[5]

Subsequently, the secretary and R.S. Silver Enterprises, Inc., filed separate motions to dismiss the plaintiffs' complaint for lack of subject matter jurisdiction. In the memoranda in support of their motions to dismiss, the defendants argued, inter alia, that the plaintiffs lacked standing to maintain this action because they had failed to demonstrate that they had been classically or statutorily aggrieved by the secretary's reinstatement decision. The court granted the defendants' motions to dismiss. In rendering its decision, the court first referenced the reasoning set forth in the secretary's memorandum in support of her motion to dismiss. Thereafter, pursuant to Practice Book §§ 64-1 (a) and 6-1, the court issued a supplemental decision, which adopted the "recital of facts and legal reasoning" set forth in the defendants' trial memoranda.[6]

[5] General Statutes § 33-995 provides: "Sections 33-600 to 33-998, inclusive, apply to all domestic corporations in existence on January 1, 1997, that were incorporated under any general statute of this state providing for incorporation of corporations with capital stock if power to amend or repeal the statute under which the corporation was incorporated was reserved."

[6] In its brief on appeal, R.S. Silver Enterprises, Inc., argues that, in light of the plaintiffs' failure to complete the record by way of a motion for articulation of the court's judgment granting the defendants' motions to dismiss, the record is inadequate for our review. "We have noted in the past that the wholesale adoption by the Superior Court of a party's reasoning in its legal memoranda as the basis for the court's own decision is not a sound

On appeal, in support of their claim, the plaintiffs refer to allegations in their complaint, which allege that in reliance on their understanding of the scope of the secretary's powers under the Connecticut Business Corporation Act (act), General Statutes § 33-600 et seq., an agreement was entered into wherein "[a]ll rights in the name 'R.S. Silver & Co.' and any variation of the name were assigned to a new limited liability company," R.S. Silver & Company, LLC, and, in further reliance, Gillon and DeLuca invested more than $800,000 in this company. The plaintiffs maintain that these allegations are sufficient to establish their standing to challenge the secretary's reinstatement decision. The plaintiffs also claim that because the act was intended to protect the interests of third parties, they have statutory standing. In response, the secretary argues that the plaintiffs have failed to allege any facts establishing that her reinstatement decision directly injured any of the plaintiffs' personal or legal interests and that the act does not provide the plaintiffs with an express statutory right to challenge a corporate reinstatement decision. Furthermore, the secretary argues that the plaintiffs do not fall within the zone of interests that the statutes in question were designed to protect. We agree with the secretary.

"The standard of review for a court's decision on a motion to dismiss is well settled. A motion to dismiss

practice because it does not afford an appellate court a clear understanding of the reasons underlying the trial court's decision." *Wendover Financial Services Corp.* v. *Connelly*, 61 Conn. App. 244, 247, 763 A.2d 670 (2000). In the present case, however, the issue presently before us is whether the court properly dismissed the plaintiffs' application for a writ of mandamus on the basis of a lack of subject matter jurisdiction due to lack of standing. Whether a party has standing, on the basis of undisputed facts, is a question of law. *Dow & Condon, Inc.* v. *Brookfield Development Corp.*, 266 Conn. 572, 579–80, 833 A.2d 908 (2003). Our review is therefore plenary. See *West Farms Mall, LLC* v. *West Hartford*, 279 Conn. 1, 12, 901 A.2d 649 (2006). Because our review is plenary, "the precise legal analysis undertaken by the trial court is not essential to [our] consideration of the issue on appeal." *Community Action for Greater Middlesex County, Inc.* v. *American Alliance Ins. Co.*, 254 Conn. 387, 396, 757 A.2d 1074 (2000).

tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) *Cogswell* v. *American Transit Ins. Co.*, 282 Conn. 505, 516, 923 A.2d 638 (2007). "If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause. . . . A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Windels* v. *Environmental Protection Commission*, 284 Conn. 268, 287, 933 A.2d 256 (2007).

"The concept of standing as presented . . . by the question of aggrievement is a practical and functional one designed to assure that only those with a genuine and legitimate interest can [pursue] an [action in court]." (Internal quotation marks omitted.) *Munhall* v. *Inland Wetlands Commission*, 221 Conn. 46, 54–55, 602 A.2d 566 (1992). "Two broad yet distinct categories of aggrievement exist, classical and statutory. . . . Classical aggrievement requires a two part showing. First, a party must demonstrate a specific, personal and legal interest in the subject matter of the [controversy], as opposed to a general interest that all members of the community share. . . . Second, the party must also show that the [alleged conduct] has specially and injuriously affected that specific personal or legal interest."

(Internal quotation marks omitted.) *Windels* v. *Environmental Protection Commission*, supra, 284 Conn. 288. "Statutory aggrievement exists by legislative fiat, not by judicial analysis of the particular facts of the case. In other words, in cases of statutory aggrievement, particular legislation grants standing to those who claim injury to an interest protected by that legislation." (Internal quotation marks omitted.) Id. "Furthermore, [i]t is settled that the existence of statutory standing [also] depends on whether the interest sought to be protected by the [plaintiffs] is arguably within the zone of interests to be protected or regulated by the statute . . . ." (Internal quotation marks omitted.) Id., 289.

In the present case, we conclude that the plaintiffs have failed to establish that they are classically or statutorily aggrieved. On appeal, the plaintiffs have asserted that they are aggrieved because the secretary's reinstatement of R.S. Silver & Company, Inc., adversely affected their private contractual rights. Although the plaintiffs may possess such a contractual interest, any breach of the alleged agreement was not proximately caused by the secretary's reinstatement of R.S. Silver & Company, Inc.[7] Because any harm was necessarily occasioned by the alleged breach of a contractual provision allegedly entered into between the plaintiffs and R.S. Silver & Company, Inc., any harm to the plaintiffs resulting from the secretary's reinstatement of R.S. Silver & Company, Inc., was indirect and, therefore, cannot provide an adequate basis for finding aggrievement.[8]

---

[7] The secretary further maintains that the plaintiffs' proper remedy is a breach of contract action against R.S. Silver Enterprises, Inc., and Robert S. Silver, individually. We note that the plaintiffs have filed such a lawsuit. See *Gillon* v. *Silver*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-06-5001203-S.

[8] Moreover, the plaintiffs' reliance on *Connecticut State Medical Society* v. *Board of Examiners in Podiatry*, 203 Conn. 295, 524 A.2d 636 (1987), is unavailing. In *Connecticut State Medical Society*, our Supreme Court held that a licensed physician had standing to challenge the validity of an administrative action that enlarged the area of the body that fell within the practice of podiatry by permitting podiatrists to treat ankles. Id., 303. Such enlarge-

See id., 288 ("[t]he requirement of directness between the injuries claimed by the plaintiff and the conduct of the defendant . . . is expressed, in our standing jurisprudence, by the focus on whether the plaintiff is the proper party to assert the claim at issue" [internal quotation marks omitted]).

Moreover, as to the plaintiffs' assertion that they are statutorily aggrieved because they are a contract purchaser of rights to the name R.S. Silver & Company and any derivative names, we note that the dissolution and reinstatement provisions of the act do not provide enforcement rights to third parties. "If the legislature had intended to grant such a broad right, it easily could have done so expressly. See, e.g., General Statutes § 22a-16 ('any person . . . [or] corporation . . . may maintain an action . . . for declaratory and equitable relief against the state . . . for the protection of the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction'); General Statutes § 13a-50 ('any person may appear and be heard in relation to [the] application [to discontinue a highway]')." *Missionary Society of Connecticut* v. *Board of Pardons & Paroles*, 278 Conn. 197, 203–204, 896 A.2d 809 (2006). In reaching our conclusion, we also are persuaded by the fact that the

---

ment, the court held, could constitute unfair and illegal competition because it could evidence an illegal interference with the physician's practice. Id., 303–304. *Connecticut State Medical Society*, however, is distinguishable from the present case in that the plaintiff physician in that case possessed a property interest that was allegedly harmed by the challenged action, a governmental license to practice medicine. See id., 300.

In the present case, the plaintiffs have alleged neither a statutory right to the name R.S. Silver & Company, nor a property interest in the entity currently doing business as R.S. Silver Enterprises, Inc., or R.S. Silver & Company, Inc., the corporation that was reinstated by that entity. Rather, the plaintiffs have alleged that they entered into a contract with R.S. Silver & Company, Inc., wherein they acquired the exclusive right to conduct business as R.S. Silver & Company. It is undisputed, however, that this alleged contractual right remains unaffected by the secretary's action.

legislature, in General Statutes § 33-893, provided the administratively dissolved corporation with a right to appeal from the secretary's refusal to reinstate it but did not provide this right of appeal to third parties.

Furthermore, the plaintiffs have failed to demonstrate that they are within the zone of interests sought to be protected by § 33-892. "Applying this doctrine to challenges of official government action or inaction, the relevant question would not be simply whether the official or agency violated the law, but rather whether the official or agency violated any duty to the plaintiff." (Internal quotation marks omitted.) *Lewis* v. *Swan*, 49 Conn. App. 669, 677, 716 A.2d 127 (1998). Here, our review reveals that there is nothing in the plain language of the statute, its legislative history or the policy considerations underlying the statute suggesting that the dissolution and reinstatement provisions of the act were intended to protect the private contractual interests of third parties. See *United Cable Television Services Corp.* v. *Dept. of Public Utility Control*, 235 Conn. 334, 346, 663 A.2d 1011 (1995) ("[a]n existing competitor [that is] not . . . within the zone of interests protected [by a statute] has no standing to raise claims as to the general fitness of an applicant"); see also *New Liberty Medical & Hospital Corp.* v. *E. F. Hutton & Co.*, 474 S.W.2d 1, 4 (Mo. 1971) ("[t]he general rule is that on grounds of sovereignty and public policy the legal existence of a corporation cannot be attacked collaterally by private suitors, but only in a direct proceeding instituted by the [s]tate" [internal quotation marks omitted]). Accordingly, we conclude that the plaintiffs lack standing to contest the reinstatement of R.S. Silver & Company, Inc., and, therefore, cannot maintain their action for mandamus.

The judgment is affirmed.

In this opinion the other judges concurred.