## HENRY W. PASCARELLA ET AL. *v.* COMMISSIONER OF REVENUE SERVICES ET AL.
### (AC 30526)

Harper, Lavine and Alvord, Js.

Submitted on briefs December 4, 2009—officially released March 16, 2010

*Daniel W. Moger, Jr.,* filed a brief for the appellants (plaintiffs).

*Richard Blumenthal,* attorney general, and *Heather J. Wilson,* assistant attorney general, filed a brief for the appellees (named defendant et al.).

### Opinion

ALVORD, J. The plaintiffs, Henry W. Pascarella and Riversedge Partners, appeal from the judgment of the trial court dismissing, for lack of subject matter jurisdiction, their complaint seeking a declaratory judgment.[1] We affirm the judgment of the trial court.

On March 24, 2008, the plaintiffs filed a complaint seeking a declaratory judgment that the reinstatement of R.S. Silver & Company, Inc., pursuant to General Statutes § 33-892,[2] was based on a fraudulently induced

[1] General Statutes § 4-175 (a) provides in relevant part: "If a provision of the general statutes, a regulation or a final decision, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff and if an agency . . . decides not to issue a declaratory ruling . . . the petitioner may seek in the Superior Court a declaratory judgment as to the validity of the regulation in question or the applicability of the provision of the general statutes, the regulation or the final decision in question to specified circumstances. . . ." The plaintiffs petitioned the defendant commissioner of revenue services for a declaratory ruling, and, on February 22, 2008, the commissioner declined to issue the requested ruling.

[2] General Statutes § 33-892 (a) provides in relevant part: "A corporation administratively dissolved may apply to the Secretary of the State for reinstatement after the effective date of dissolution. The application must . . . be accompanied simultaneously by an amendment of the certificate of incorporation which identifies an available name; and . . . be accompanied by . . . an up-to-date statement or statements from the Commissioner of Revenue Services and the administrator of the unemployment compensation law

statement by the commissioner of revenue services to the secretary of the state that back taxes owed by R.S. Silver & Company, Inc., had been paid. The plaintiffs named the commissioner of revenue services, the secretary of the state and R.S. Silver Enterprises, Inc.,[3] as defendants. On June 23, 2008, the defendants, the commissioner of revenue services and the secretary of the state, moved to dismiss the plaintiffs' complaint for lack of subject matter jurisdiction.[4] They argued that the plaintiffs did not have standing. On October 30, 2008, the court granted the defendants' motion. This appeal followed.

"It is axiomatic that aggrievement is a basic requirement of standing . . . . If a party is found to lack [aggrievement], the court is without subject matter jurisdiction to determine the cause. . . . There are two general types of aggrievement, namely, classical and statutory; either type will establish standing . . . ." (Citations omitted; internal quotation marks omitted.) *Soracco* v. *Williams Scotsman, Inc.*, 292 Conn. 86, 91–92, 971 A.2d 1 (2009). "Classical aggrievement requires a two part showing. First, a party must demonstrate a specific, personal and legal interest in the subject matter of the [controversy], as opposed to a general interest that all members of the community share. . . . Second,

acting in their respective capacities, showing, to the best of their knowledge and belief, as of the date of such respective statements, either that such corporation has paid all its taxes and contributions or that it was not liable for any taxes or contributions, or that it has made adequate provisions, with such surety as shall be satisfactory to said commissioner and said administrator, for the future payment of any of its unpaid taxes and unpaid contributions as of the date of such respective statements provided . . . ."

[3] "On February 9, 2006, pursuant to General Statutes § 33-892, the secretary issued a certificate of reinstatement and name change for R.S. Silver & Company, Inc., which reinstated the administratively dissolved corporation and changed the name of the company to R.S. Silver Enterprises, Inc." *Gillon* v. *Bysiewicz*, 105 Conn. App. 654, 656–57, 939 A.2d 605 (2008).

[4] On July 9, 2008, the defendant R.S. Silver Enterprises, Inc., moved to adopt the motion to dismiss.

the party must also show that the [alleged conduct] has specially and injuriously affected that specific personal or legal interest. . . . [I]n cases of statutory aggrievement, particular legislation grants standing to those who claim injury to an interest protected by that legislation. . . . [T]he existence of statutory standing . . . depends on whether the interest sought to be protected by the [plaintiffs] is arguably within the zone of interests to be protected or regulated by the statute . . . ." (Citations omitted; internal quotation marks omitted.) *Gillon* v. *Bysiewicz*, 105 Conn. App. 654, 659–60, 939 A.2d 605 (2008).

The plaintiffs are defendants in an unrelated action brought against them in 2006 by the defendant, R.S. Silver Enterprises, Inc. (2006 lawsuit).[5] The plaintiffs claim that they are aggrieved because they are forced to defend a lawsuit against R.S. Silver Enterprises, Inc., and argue that R.S. Silver Enterprises, Inc., would not be able to maintain its lawsuit if it had not been reinstated by the secretary of the state. We review the plaintiffs' claim de novo; see id., 659; and conclude that the plaintiffs failed to provide evidence of aggrievement.[6] The plaintiffs' participation in an unrelated lawsuit does not establish classical aggrievement, and this court has held that § 33-892 does not extend statutory standing to third parties to challenge the general fitness of an applicant for reinstatement. See id., 661–62.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] The 2006 lawsuit is similar to one brought by R.S. Silver & Company, Inc., against the plaintiffs in 2003. The 2003 lawsuit was dismissed because the secretary of the state dissolved the corporate existence of R.S. Silver & Company, Inc. The 2006 lawsuit was commenced by R.S. Silver Enterprises, Inc., after R.S. Silver & Company, Inc., was reinstated and changed its name to R.S. Enterprises, Inc.

[6] Because we determine that the court lacked subject matter jurisdiction, we do not address the plaintiffs' additional claim that, in this case, public policy required the court to entertain issuing a declaratory judgment.