## RONALD BOZELKO *v.* MICHAEL MILICI
### (AC 34173)

Gruendel, Beach and Espinosa, Js.

Argued October 17—officially released December 11, 2012

*Ronald Bozelko*, pro se, the appellant (plaintiff).

*Joseph Zullo*, with whom, on the brief, was *Alfred J. Zullo*, for the appellee (defendant).

PER CURIAM. The plaintiff, Ronald Bozelko, appeals from the judgment of the trial court granting the motion of the defendant, Michael Milici, to dismiss the plaintiff's petition for a new trial for lack of subject matter jurisdiction. We affirm the judgment of the trial court.

The following facts, as found by the trial court, and procedural history are relevant. In 2006, the plaintiff commenced an underlying action entitled *Bozelko* v. *D'Albero*, judicial district of New Haven, Docket No. CV-06-5009158, against, inter alia, the defendant.[1] In July, 2008, the defendant filed a motion for summary judgment, and the plaintiff filed an objection. On August 25, 2008, the court granted the motion for summary judgment "absent objection or opposition."

On April 13, 2009, the plaintiff assigned his interest in the action to Edward Jacobs by way of an assignment agreement that states in relevant part: "I, Ronald D. Bozelko . . . in consideration of $1.00 and other valuable consideration, the receipt of which is hereby acknowledged, paid to me by Edward Jacobs, Executor of the Estate of Antonina Cap . . . assign to [Jacobs] all of my right, title and interest in certain causes of action and claims, asserted or not asserted, which causes of action are now in suit and are pending in the Superior Court at New Haven, specifically, [*D'Albero*] . . . ."

In August, 2011, in the present action, the plaintiff filed a petition for a new trial in *D'Albero*. In his petition, he argued that he was entitled to a new trial because he never received notice of the order granting the motion for summary judgment and because there was reasonable cause to grant a new trial, as the matter had

---

[1] The plaintiff brought a single action against multiple defendants, including Milici. Milici is the only defendant from *D'Albero* who is involved in this action. We will refer to Milici as the defendant for purposes of this appeal.

not been adjudicated on the merits. The defendant filed a motion to dismiss the petition for a new trial because of a lack of subject matter jurisdiction. Specifically, the defendant argued that the plaintiff did not have standing to bring the petition for a new trial. The court granted the defendant's motion to dismiss. The court reasoned that, pursuant to the assignment agreement, the plaintiff assigned his right, title and interest in the underlying action to Jacobs and that the plaintiff no longer had a specific, personal and legal interest in the matter. The court concluded that the plaintiff lacked standing to bring the petition for a new trial.

"The issue of standing implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. . . . Because a determination regarding the trial court's subject matter jurisdiction raises a question of law, [the standard of] review is plenary. . . . Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved. . . . The fundamental test for determining [classical] aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in [the subject matter of the challenged action], as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the [challenged action]. . . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Citations omitted; internal quotation marks omitted.) *Wilcox* v. *Webster Ins., Inc.*, 294 Conn. 206, 213–15, 982 A.2d 1053 (2009).

The plaintiff claims that he has standing to bring a petition for a new trial regarding the court's granting of the defendant's motion for summary judgment in *D'Albero*.[2] He argues that because the court granted the defendant's motion for summary judgment on August 25, 2008, the subsequent assignment of the entire action to Jacobs did not include any cause of action against the defendant. We are not persuaded.

Although at the time of the assignment agreement and substitution, summary judgment already had been rendered in *D'Albero* in favor of the defendant, the plaintiff did not have standing to bring a petition for a new trial regarding any claims against the defendant in *D'Albero*. Pursuant to the assignment agreement, the plaintiff assigned to Jacobs "all of my right, title and interest in certain causes of action and claims, asserted or not asserted," in *D'Albero*. This necessarily included the claim—yet unasserted at the time of the assignment—of a petition for a new trial.

As a result of the assignment, the plaintiff lacks standing to bring a petition for a new trial. "A valid assignment transfers to the assignee exclusive ownership of all of the assignor's rights to the subject assigned and extinguishes all of those rights in the assignor." *Mall* v.

[2] The plaintiff also seems to argue that the court improperly took judicial notice of the assignment in *D'Albero* instead of holding an evidentiary hearing regarding the assignment. "[W]here a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts." *Conboy* v. *State*, 292 Conn. 642, 652, 974 A.2d 669 (2009). In this case, the parties agree in their appellate briefs that the assignment was part of the record in *D'Albero*. The assignment itself was not factually disputed; rather, the argument on the motion to dismiss concerned the import of the assignment. The trial court had the power to take judicial notice of the assignment in *D'Albero*. See *Jewett* v. *Jewett*, 265 Conn. 669, 678 n.7, 830 A.2d 193 (2003) ("[t]here is no question that the trial court may take judicial notice of the file in another case" [internal quotation marks omitted]).

Because we determine that the plaintiff lacked standing to bring the petition for a new trial, we need not address his additional claims.

*LaBow*, 33 Conn. App. 359, 362, 635 A.2d 871 (1993), cert. denied, 229 Conn. 912, 642 A.2d 1208 (1994). As assignee, Jacobs stepped into the shoes of his assignor, the plaintiff. See *Leonard* v. *Bailwitz*, 148 Conn. 8, 13, 166 A.2d 451 (1960). Jacobs was substituted as the plaintiff in *D'Albero*.[3] Because the plaintiff assigned his rights and interests in *D'Albero* to Jacobs, he has not demonstrated that he has a specific, personal and legal interest in the petition for a new trial that has been specially and injuriously affected.[4] Accordingly, the court did not err in granting the defendant's motion to dismiss the plaintiff's petition for a new trial for lack of standing.

The judgment is affirmed.

[3] As of the time of the court's decision on the motion to dismiss, *D'Albero* was still pending in the trial court.

[4] Following the court's granting of the defendant's motion to dismiss, Jacobs reportedly reassigned his interest in *D'Albero* back to the plaintiff. In his motion to dismiss, the defendant questioned the plaintiff's standing at the time the petition for a new trial was brought. The subsequent reassignment of the action back to the plaintiff does not affect whether he had standing at the time he brought the petition for a new trial. See, e.g., *LaSalle Bank, National Assn.* v. *Bialobrzeski*, 123 Conn. App. 781, 790, 3 A.3d 176 (2010) (standing to be determined at time action commenced where motion to dismiss challenged standing to bring action); *Cimmino* v. *Household Realty Corp.*, 104 Conn. App. 392, 395, 933 A.2d 1226 (2007) (determining standing at time action commenced), cert. denied, 285 Conn. 912, 943 A.2d 470 (2008); *America's Wholesale Lender* v. *Silberstein*, 87 Conn. App. 485, 488–89, 866 A.2d 695 (2005) (same).