******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

R.S. SILVER ENTERPRISES, INC. *v.* HENRY
PASCARELLA ET AL.
(AC 34601)

Sheldon, Keller and Flynn, Js.

*Argued October 24, 2013—officially released February 25, 2014*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Downey, J. [motion to strike]; Hon.
Alfred J. Jennings, Jr., judge trial referee [judgment].)

*Wesley W. Horton*, with whom were *Steven D. Ecker*,
and, on the brief, *Kenneth J. Bartschi, Brendan J.
O'Rourke*, and *Daniel W. Moger, Jr.*, for the appellant
(named defendant et al.).

*William F. Gallagher*, with whom were *Stephen P.
Wright*, and, on the brief, *Hugh D. Hughes*, for the
appellee (plaintiff).

*Opinion*

SHELDON, J. In this breach of contract action, the defendants, Henry Pascarella and Riversedge Partners,[1] appeal from the judgment rendered by the trial court, *Hon. Alfred J. Jennings, Jr.*, judge trial referee, following a court trial, in favor of the plaintiff, R.S. Silver Enterprises, Inc. On appeal, the defendants claim, inter alia, that the trial court, *Downey, J.*, erred in striking certain of their special defenses. Specifically, the defendants challenge the trial court's orders striking: their second special defense, in which they alleged that the plaintiff is barred from pursuing this action as a matter of public policy because reinstatement of the plaintiff as a corporation by the Secretary of State in order to pursue this case was made possible only because of the plaintiff's defrauding of the Commissioner of Revenue Services; their fourth special defense, in which they alleged that the plaintiff is barred from pursuing this action as a matter of public policy because it engaged in bankruptcy fraud when it entered into the contract here at issue; their sixth special defense, in which they challenged the plaintiff's legal capacity to bring the instant action in 2006 on the ground that it was barred from obtaining reinstatement after 1994 pursuant to General Statutes § 33-995; and their twenty-first special defense, in which they alleged that before this action was commenced, the plaintiff had assigned to a nonparty its rights under the contract which it claimed the defendants had breached.[2] The defendants also claim that the trial court's judgment is "ineffective because it was issued 966 days after the completion of trial in violation of General Statutes § 51-183b." We conclude that the allegations of the defendants' twenty-first special defense state a claim which, if duly proven, would defeat the plaintiff's cause of action against them. More importantly, however, we conclude that proof of those allegations would establish that the plaintiff had no standing to bring this action, and thus that the trial court had no subject matter jurisdiction to entertain it. Accordingly, the trial court should have resolved the jurisdictional issue raised by the twenty-first special defense before reaching and deciding any other issues in this case. Because the jurisdictional issue was never decided in the trial court, and resolution of the issue requires findings of fact, we must remand this case to the trial court to resolve that issue before, if necessary, we decide any of the other issues before us on appeal.

The following facts and procedural history, ascertained from the pleadings, are relevant to the issue before us. On April 28, 1997, the plaintiff entered into a "participation agreement" with the defendants, under which the plaintiff invested $1,250,000 in a partnership formerly known as SPD Associates (SPD), and now known as Riversedge Partners, involving owning and managing a commercial building in Greenwich. Pursu-

ant to that agreement, the plaintiff, in exchange for its investment, was given the contractual right to participate "in any increase in the economic value" and "future economic enhancement" of the building. More specifically, the agreement entitled the plaintiff to split equally all amounts received by the defendants in connection with the building after the making of certain priority payments.

On October 11, 2006, the plaintiff commenced this action, alleging that the defendants had failed to split with it any amounts they had received in connection with the building, and, in fact, had never paid the plaintiff anything pursuant to the agreement. The plaintiff also sought an accounting of the business and affairs of SPD and alleged breach of fiduciary duty.[3] In response, the defendants filed an answer and twenty-two special defenses.[4] On August 19, 2008, the plaintiff filed a motion to strike all but two of the defendants' special defenses, in response to which the defendants filed an objection. On September 26, 2008, the plaintiff responded to the defendants' objection by filing a reply memorandum of law. On September 29, 2008, Judge Downey orally granted the plaintiff's motion to strike several of the defendants' special defenses, including the defendants' second, fourth, sixth and twenty-first special defenses, which are the subject of the defendants' appeal. In so doing, the court noted simply, without further explanation, that the special defenses it was striking "are either not recognized under Connecticut law or are not appropriately drafted such that they would survive a motion to strike." The court then stated: "I adopt the foundation for my decision all the arguments advanced in [the plaintiff's] brief of August 19, [2008] and September 26, [2008]."[5]

The case was then tried before Judge Jennings on various dates in early 2009. At the conclusion of trial, the defendants sought to withdraw their counterclaims, but the court, having determined that no good cause existed to permit the withdrawal, instead dismissed the counterclaims. The court ultimately rendered judgment in favor of the plaintiff on its breach of contract claim, awarding it damages in the amount of $1,782,848, plus prejudgment interest in the amount of $819,475, for a total award of $2,602,323. The court ruled in favor of the defendants on the plaintiff's claims for an accounting and for breach of fiduciary duty. The defendants appealed and the plaintiff filed a cross appeal from the court's judgment on its breach of fiduciary duty claim. On April 17, 2013, the plaintiff withdrew its cross appeal, leaving only the defendants' appeal from the trial court's judgment on the plaintiff's breach of contract claim for our consideration. Additional facts will be set forth as necessary.

We begin by setting out the well established standard of review in an appeal from the granting of a motion

to strike. "Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling . . . is plenary. . . . We take the facts to be those alleged in the [pleading] that has been stricken and we construe the [pleading] in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the [pleading] would support a [special defense], the motion to strike must be denied. . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a [pleading] challenged by a . . . motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically." (Internal quotation marks omitted.) *Violano* v. *Fernandez*, 280 Conn. 310, 317–18, 907 A.2d 1188 (2006).

Practice Book § 10-50, which sets forth the basic parameters for special defenses, provides: "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged. Thus, accord and satisfaction, arbitration and award, coverture, duress, fraud, illegality not apparent on the face of the pleadings, infancy, that the defendant was non compos mentis, payment (even though nonpayment is alleged by the plaintiff), release, the statute of limitations and res judicata must be specially pleaded, while advantage may be taken, under a simple denial, of such matters as the statute of frauds, or title in a third person to what the plaintiff sues upon or alleges to be the plaintiff's own."

In their twenty-first special defense, the defendants alleged the occurrence of a transaction that purportedly resulted in the transfer of all of the plaintiff's rights under the participation agreement to a third party. Specifically, the defendants alleged that the plaintiff, formerly known as R.S. Silver & Co., Inc., transferred its rights to R.S. Silver & Co., LLC, a limited liability company formed by Robert S. Silver and two other individuals. "A valid assignment transfers to the assignee exclusive ownership of all of the assignor's rights to the subject assigned and extinguishes all of those rights in the assignor." (Internal quotation marks omitted.) *Bozelko* v. *Milici*, 139 Conn. App. 536, 539, 57 A.3d 762 (2012), cert. denied, 308 Conn. 914, 61 A.3d 1101 (2013). If proven, the facts set forth in the defendants' twenty-first special defense would establish that the plaintiff had no right to sue the defendants for breach of the participation agreement. Because such allegations were not inconsistent with the allegations of the plaintiff's complaint, but, nevertheless, if proven, would have

defeated the plaintiff's claims against them, the trial court improperly struck that special defense.

Moreover, if the plaintiff assigned its rights and interests under the participation agreement to a third party, it would not have had a specific, personal and legal interest in this action, and thus would not have been sufficiently aggrieved by the defendants' breach of contract to have standing to bring suit upon it. See id., 540. When an issue affecting the court's subject matter jurisdiction comes to its attention, the court is obliged to decide that issue before taking one step further to adjudicate other matters pending before it in the action. See *New Hartford* v. *Connecticut Resources Recovery Authority*, 291 Conn. 511, 518–19, 970 A.2d 583 (2009). Here, because the defendants pleaded facts challenging the trial court's subject matter jurisdiction, that jurisdictional issue should have been resolved by the trial court before proceeding any further on the merits of the plaintiff's claims. Where, as here, the jurisdictional issue cannot be decided without making factual determinations, the resolution of which is beyond our province, the trial court must resolve the jurisdictional issue before we can proceed one step further to resolve the other issues decided in the trial court that are before us on appeal.

The case is remanded for a determination of the jurisdictional issue raised by the defendants' twenty-first special defense, as set forth herein. We retain jurisdiction over the case, however, in order to resolve, if necessary, the remaining claims presented in this appeal. Further proceedings on those issues, which have been fully briefed and argued, are stayed until such time as the jurisdictional issue is resolved.

In this opinion the other judges concurred.

[1] Although NLI Commercial Mortgage Fund, LLC, initially was a named defendant in this action, the plaintiff withdrew its claims against it on March 13, 2008.

[2] The trial court struck sixteen of the defendants' special defenses, but the defendants challenge the order striking only four of them.

[3] The plaintiff also had alleged breach of a certain "Letter Agreement" of March 3, 1997, but the court dismissed that claim at the conclusion of the plaintiff's case.

[4] The defendants also filed counterclaims, which are not subject of this appeal.

[5] This court previously criticized Judge Downey's practice of adopting a party's reasoning as its own. See *Gillon* v. *Bysiewicz*, 105 Conn. App. 654, 657–58 n.6, 939 A.2d 605 (2008). In the present case, the plaintiff raised various arguments in seeking to strike each special defense; it did not make only one argument as to each special defense. In the absence of a motion to articulate, which the defendants never filed, we are left to speculate as to which, if just one or all, of the plaintiff's arguments the court relied upon in striking the special defenses. Because our review of the granting of a motion to strike is plenary, however, the defendants' failure to seek an articulation, although unwise, is not fatal to their challenges to the court's rulings.